S04Y0493, S04Y0494, S04Y0495. IN THE MATTER OF JOSEPH MITCHELL WILLIAMS (three cases).
(599 SE2d 180)

PER CURIAM.

These disciplinary matters are before the Court on the Notice of Discipline filed by the Investigative Panel of the State Disciplinary Board recommending that Respondent Joseph Mitchell Williams be disbarred for his violations of Rules 1.2, 1.3, 1.4, 1.16, 3.2, 8.4, and 9.3 of the Georgia Rules of Professional Conduct, a part of Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.2, 1.3, or 8.4 (a)

(4) is disbarment while the maximum sanction for a violation of Rule 1.4, 1.16, 3.2, or 9.3 is a public reprimand.

A Notice of Investigation in each of three grievances was mailed to Williams and after he failed to acknowledge service of any of the notices, Williams was personally served with the Notices in Case Nos. S04Y0494 and S04Y0495 and served by publication in Case No. S04Y0493. Upon his failure to respond, this Court suspended Williams on August 8, 2003, in each of these matters. A Notice of Discipline subsequently was issued by the Investigative Panel, and after Williams failed to acknowledge service of the notice within 20 days of the mailing to Williams's address, and after the sheriff's department issued a return of non est inventus after attempting to personally serve Williams, the State Bar sent, for publication, a legal advertisement notifying Williams of the filing of the Notice of Discipline and also mailed a copy of the letter with its enclosures to Williams. Bar Rule 4-203.1 (b). The legal advertisement was published on March 12, 2004, and March 19, 2004, and as Williams failed to file any rejection of the Notice of Discipline as required by Bar Rule 4-208.3, Williams is in default; has no right to any evidentiary hearing; and is subject to such discipline and further proceedings as may be determined by this Court. Bar Rule 4-208.1.

In Case No. S04Y0493, a client hired Williams in June 2002 to file a petition for a name change and paid Williams $350 for attorneys' fees and filing fees. Although Williams continued to reassure the client that he was handling her legal matter, Williams failed to file the petition or to perform any legal work on the client's behalf. In September 2002, the client demanded that Williams refund the $350 and return her paperwork and although Williams agreed to do so, he failed to return the money or the paperwork. Based on this conduct, Williams violated Bar Rules 1.2, 1.3, 1.4, 1.16, 3.2, 8.4, and 9.3 of the Georgia Rules of Professional Conduct.

In Case No. S04Y0494, a client hired Williams in October 2000 to handle a civil matter on her behalf and paid Williams $1,000 for attorneys' fees. In February 2001, Williams filed a statement of claim in magistrate court on behalf of the client as plaintiff but failed to serve the defendant and failed to perform any additional work on the client's behalf after February 13, 2001. In December 2002, the client sent a letter to Williams terminating his representation of her and asking him to return her file and any unused portion of the attorneys' fees. Williams failed to refund any portion of the fees or to return the file. Based on this conduct, Williams violated Bar Rules 1.2, 1.3, 1.4, 1.16, 8.4, and 9.3 of the Georgia Rules of Professional Conduct.

In Case No. S04Y0495, a client hired Williams to represent her in a criminal matter and paid Williams $4,000 for attorneys' fees. Williams subsequently discussed the client's case with the assistant

district attorney and negotiated a guilty plea for the client without her permission. Then on February 10, 2003, Williams failed to appear in court on the client's behalf even though he had notice of the court date. Williams also had failed to appear on the client's behalf at two prior court hearings and after his failure to appear on February 10, the court sent the client to indigent defense to determine whether she qualified for appointed counsel and the judge wrote to the State Bar to report Williams' failure to appear. Based on this conduct, Williams violated Bar Rules 1.3, 1.4, 1.16, 8.4, and 9.3 of the Georgia Rules of Professional Conduct.

We have reviewed the record in each of these matters and agree with the State Bar that disbarment is appropriate. In aggravation of discipline, we note the multiple violations presented in these matters and that Williams previously received a Formal Letter of Admonition and an Investigative Panel Reprimand. Accordingly, Williams hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 12, 2004.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.